

SO ORDERED.

SIGNED this 17th day of December, 2014

                                      LENA MANSORI JAMES
                          UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eddie Land and Nancy K. Land, | ) | Case No. 13-11309 |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | |
| Eddie Land Masonry Contractor, Inc., | ) | Case No. 13-11314 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER GRANTING DEBTORS'
AMENDED MOTION TO EMPLOY SPECIAL COUNSEL</u>**

THIS MATTER came before the Court for hearing on November 14, 2014, for consideration of the Debtors' Amended Motion to Employ Special Counsel. All parties having received proper notice, appearing before the Court were David Meschan and Thomas Waldrep, attorneys for Eddie Land (f/k/a Cleo Edward Land, Jr.) and Nancy K. Land (collectively, "the Debtors"); Jeffrey Oleynik and Rebecca Cage, attorneys for R. Alan Land ("Alan Land"); James Lanik, Trustee in the related Chapter 11 case of Eddie Land Masonry Contractor, Inc. ("ELMC"); and Jonathan A. Berkelhammer, the attorney being considered as Special Counsel.

Following the hearing, and upon consideration of the Motion, the arguments of counsel, and all matters of record, for the reasons that follow, the Court will grant the Amended Motion to Employ Special Counsel.

## I. BACKGROUND

On November 18, 2005, Alan Land and Cleo E. Land, Sr., filed a civil suit in state court (collectively, the "State Court Litigation") against the Debtors, alleging fraud, breach of contract, and other causes of action and seeking to establish the Debtors' and Alan Land's respective interest in Cleo Land's masonry business. Per the Debtors' request, the civil action was bifurcated into separate liability and damages phases. A nine-day trial on liability in October 2008 resulted in findings for the plaintiffs. The Debtors appealed the liability judgment, but the North Carolina Court of Appeals dismissed the appeal, and the Supreme Court of North Carolina denied the Debtors' petition for review. The subsequent trial on damages began in January 2011 and lasted fourteen days, resulting in actual and punitive damages against the Debtors. On February 28, 2011, the Superior Court Division of the North Carolina Court of General Justice in Guilford County entered a judgment (the "State Court Judgment") against the Debtors in the amount of $2,757,000.00 (plus interest, costs, and attorneys' fees) in favor of Alan Land. The Debtors again appealed; the North Carolina Court of Appeals affirmed, and the Supreme Court denied review. The final State Court Judgment placed several parcels of land owned by the Debtors and ELMC under constructive trust for the benefit of Alan Land until the judgment was paid in full.

On September 30, 2013, the Debtors filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. The Court entered an order allowing the Debtors to employ both the law firm of Womble Carlyle Sandridge & Rice, LLP ("WCSR") and David F. Meschan,

PLLC ("Meschan") as bankruptcy counsel. The Debtors' largest creditor is Alan Land, who filed a claim for $3,325,618.07 (plus costs) in secured debt arising from the State Court Judgment. Other major creditors include the Internal Revenue Service, with a priority claim of $39,946.78; Smith Moore Leatherwood, LLP, with a secured claim of $875,406.28; Bank of America, with a secured claim of $481,395.36; and Carolina Farm Credit, ACA, with a secured claim of $193,591.20.

Following negotiations between the Debtors and Alan Land, the Debtors confirmed a Plan on August 21, 2014. The Plan acknowledged Alan Land's constructive trust and judgment liens and set the value of the costs portion of the State Court Judgment at $48,000.00. It also noted that Alan Land's claim had been reduced post-petition by $780,958.43 resulting from a sale of a portion of the real property encumbered by the constructive trust, leaving a claim of $2,753,441.71 to be paid through the liquidation of the Debtors' real and personal property. The Plan provided that if Alan Land's claim is not paid in full by March 1, 2015, the stay will lift as to Alan Land, and he will be free to exercise his state law rights against the Debtors' property. The Plan also provided that Alan Land's claim was "subject to the Debtors' right to bring a Rule 60(b) motion or other state court action to challenge the Judgment."

On September 16, 2014, the Debtors filed an amended Motion to employ Jonathan A. Berkelhammer as special counsel to investigate and possibly prosecute a Rule 60 motion in state court challenging the State Court Judgment. As a member of Smith Moore Leatherwood, LLP ("SML"), Mr. Berkelhammer represented the Debtors in the State Court Litigation, starting shortly after the liability trial in 2008 and lasting through the end of the appeals process on the damages judgment. Mr. Berkelhammer, now with Ellis & Winters LLP, has agreed to represent the Debtors in their Rule 60 challenge on a contingency basis, receiving no payment of fees

unless the challenge is successful. At the hearing on the Motion, Mr. Berkelhammer represented to the Court that expenses would not exceed $5,000.00.

Alan Land filed a Response to the Motion, arguing in part that the Debtors' Motion was brought for an improper purpose (to delay payment of Alan Land's claim) and that Mr. Berkelhammer's services would be futile and redundant. Alan Land further objects to the extent the Debtors should attempt to seek any sort of injunction or delay of any distribution of payments to Alan Land under the Plan. The Bankruptcy Administrator also objects to the Motion, contending that, as the Debtors have already employed two law firms with sufficient expertise and knowledge, employment of special counsel is duplicative and will not aid in the efficient administration of the estate.

## II.  ISSUES PRESENTED

The parties wish for the Court to render a decision on whether it will approve appointment of Mr. Berkelhammer as Special Counsel. It should be noted that there is some question as to whether the Debtors actually need the Court's approval to hire special counsel under 11 U.S.C. § 327 after a Plan has been confirmed. See, e.g., Schroeder v. United States (In re Van Dyke), 275 B.R. 854, 861 (Bankr. C.D. Ill. 2002) ("As a general rule, upon confirmation of a Chapter 11 plan of reorganization, the restructured entity no longer operates under the protection of the bankruptcy court, but stands on its own feet, free to conduct its business without supervision or approval."); In re Tri-L Corp., 65 B.R. 774, 777-78 (Bankr. D. Utah 1986) ("When the plan of reorganization was confirmed and property of the estate vested in the reorganized debtor, the reorganized debtor was free to employ attorneys and other professional persons without obtaining authority from the bankruptcy court to do so."). Here, the Plan contemplates the Debtors' filing of a Rule 60(b) motion in state court and provides for the

retention of jurisdiction by this Court to allow fees and expenses of professional persons. As certain Plan provisions suggest that special counsel must be approved by the court in order to be compensated, and special counsel and all concerned parties take the position that court authorization is necessary, the Court will proceed to the merits of the Motion.

### III. ANALYSIS

A. <u>Alan Land Consented to the Debtors' Right to Pursue a Rule 60 Action in the Confirmed Plan</u>

The Bankruptcy Code provides that "the provisions of a confirmed [Chapter 11] plan bind the debtor . . . and any creditor," whether or not such creditor has personally accepted the plan. 11 U.S.C. § 1141(a). In the present case, the confirmed Plan was the result of a negotiated agreement between the Debtors and Alan Land, in which Alan Land agreed to change his vote rejecting the Plan to a vote in favor if certain amendments were made. The confirmed Plan includes at least two provisions addressing the possibility of the Debtors bringing a Rule 60 action. First, it provides that "[i]f the Debtors decide to seek reconsideration of the [State Court Judgment], they will bring a Rule 60(b) motion or other state court action to challenge the Judgment," thus freeing up significant amounts of the Debtors' real property for payment of other claims. Second, the Plan emphasizes that Alan Land's secured claim is "subject to the Debtors' right to bring a Rule 60(b) motion or other state court action to challenge the Judgment." Under the terms of the confirmed Plan, either Meschan or WSCR could bring a Rule 60(b) motion in state court without the permission of this Court. By hiring special counsel to challenge Alan Land's claim, the Debtors are implementing the terms of the Plan. Alan Land

negotiated for and voted in favor of the Plan, and he cannot now object that its terms are being followed.[1]

### B. The Employment of Jonathan Berkelhammer Is Appropriate under Section 327

The Debtors move for the Court's approval under 11 U.S.C. § 327. Section 327(e) states:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e); see generally In re Running Horse, LLC, 371 B.R. 446 (Bankr. E.D. Cal. 2007) (discussing qualifications for and the role of special counsel). Courts often find the employment of special counsel under § 327(e) to be appropriate in situations where the debtor was involved in complex litigation prior to the bankruptcy filing and replacing the prepetition attorney would be disruptive and inefficient. See, e.g., In re J.S. II, LLC, 371 B.R. 311, 321 (Bankr. N.D. Ill. 2007) ("There is no question that [the proposed special counsel] is familiar with the facts and issues surrounding the state court litigation. Hiring new counsel would cause the estate to incur expenses to bring new counsel up to date on the causes."); In re Cockings, 195 B.R. 735, 737 (Bankr. E.D. Ark. 1996) ("Hiring an attorney who is already familiar with the litigation . . . clearly is in the best interest of the estate."); In re French, 139 B.R. 485, 489 (Bankr. D.S.D. 1992) (pointing out that the legislative history of § 327(e) predicts it will be used where the debtor is involved in complex litigation and changing attorneys would be detrimental to such litigation).[2]

---

[1] Alan Land argues that the Debtors' hypothetical 60(b) motion is without merit and thus employing special counsel is futile. As the consensual terms of the Plan reserve the Debtors' right to bring such an action, the question of whether any future action filed in state court is meritless or frivolous is now for the state court to decide.

[2] A bankruptcy court's decision regarding approval of employment of professionals under § 327 is reviewed for abuse of discretion. See In re Pillowtex, Inc., 304 F.3d 246, 250 (3d Cir. 2002).

The Court finds that approval of special counsel in this case is appropriate under § 327(e). Mr. Berkelhammer previously represented the Debtors in the State Court Litigation, and the Debtors propose to employ him in the present case only to investigate and possibly prosecute a Rule 60 motion in state court. This Chapter 11 proceeding was commenced in response to the State Court Judgment. The Debtors and Alan Land negotiated and agreed to the terms of the Plan, which terms provide Alan Land with an allowed claim and the Debtors with the opportunity to bring a Rule 60(b) motion in state court. It is in the best interest of the estate to quickly and efficiently carry out the provisions of the Plan. To this end, Mr. Berkelhammer is uniquely qualified: having represented the Debtors in the prior appeals, he has the advantage of already being familiar with the record in the State Court Litigation and can pinpoint any possible issues more expeditiously than either Meschan or WCSR. Further, Mr. Berkelhammer has agreed to represent the Debtors on a contingency basis—that is, the Debtors will not pay any fee unless the Rule 60 motion is successful—and thus the estate stands only either to gain or to be unaffected by the appointment. See, e.g., In re J.S. II, 371 B.R. at 322 (granting the debtors' application to employ special counsel where the nature of the challenge created "a no-lose situation for the Debtors"). Mr. Berklehammer's employment will sharply curtail the continual mushrooming of legal fees in this case with few liquid assets. Lastly, there appear to be no allegations of any conflicts disqualifying Mr. Berkelhammer from serving as Special Counsel.[3]

### IV.  CONCLUSION

Having proceeded on the merits, this Court holds that the appointment of Mr. Berkelhammer as Special Counsel is appropriate under both the terms of the confirmed Plan and § 327(e). Nonetheless, the Bankruptcy Administrator's and Alan Land's concerns that Mr.

---

[3] While SML is a creditor in this case, Mr. Berkhammer's Declaration in support of the Motion states that he is not entitled to receive, has not received, and will not receive any interest in or portion of any dividend or other payment on account of SML's claim.

7

Berkelhammer's services will be redundant if Meschan and WCSR also spend time on this matter are well-taken. The Debtors' existing Chapter 11 counsel is forewarned that they will not be allowed fees for further time spent on matters in any way related to a prospective state court action or Rule 60(b) motion beyond that which is required to hand the matter over to Mr. Berkelhammer, which has now been accomplished. Mr. Berklehammer should report directly to this Court to the extent necessary. [4] It should also be made explicit that the Court's approval of the employment of Mr. Berkelhammer does not equate to a finding under 11 U.S.C. § 330 regarding compensation of a professional person.

Based on the foregoing, it is therefore **ORDERED** that the Debtors' Amended Motion to Employ Special Counsel, for the limited purpose of possibly bringing a Rule 60(b) motion or other state court action as allowed by the Plan, is granted.

**END OF DOCUMENT**

---

[4] In the Motion, the Debtors request that employment of Special Counsel be without prejudice to the Debtors' existing counsel seeking court approval to take additional 2004 examinations as may be necessary for the contemplated Rule 60(b) motion. That request is denied. Mr. Berklehammer should handle all matters related to the contemplated Rule 60(b) motion—all of which would most likely be addressed in state court proceedings—so as to ensure that this matter is efficiently resolved and not bogged down by "too many cooks in the kitchen."

Rick Coughlin, Esq.
Smith Moore Leatherwood LLP
300 N. Greene Street
Greensboro, NC 27410

Cleo Edward Land, Sr., deceased
c/o Betty Jane Murphy
3502 Wilson Wood Road
Greensboro, NC 27405

Kathryn S. Lindley, Esq.
Lindley Law Firm, PLLC
314 S. Eugene Street
Greensboro, NC 27401

Stephen M. Russell, Sr., Esq.
Bell, Davis & Pitt, P.A.
PO Box 21029
Winston-Salem, NC 27120-1029

Appalachian Power
PO Box 24413
Canton, OH 44701-4413

Prime Therapeutics
PO Box 6450041
Dallas, TX 75265-0041

Shentel
PO Box 37014
Baltimore, MD 21297-3014

Tuggle Duggins, P.A.
100 N. Greene Street, Suite 600
Greensboro, NC 27401

Victor Kinney
2404 Quaker Landing Road
Greensboro, NC 27405

William P. Miller, Esq.
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402

Matthew L. Underwood, Esq.
Brock & Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217

Daniel C. Bruton, Esq.
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029

Jeffrey E. Oleynik, Esq.
Brooks Pierce McLendon Humphrey & Leonard LLP
230 N. Elm Street, Suite 200
Greensboro, NC 27401

Rebecca L. Cage, Esq.
Brooks Pierce McLendon Humphrey & Leonard LLP
P. O. Box 26000
Greensboro, NC 27420

David W. McDonald, Esq.
Hicks McDonald Noecker, LLP
100 S. Elm Street, Suite 510
Greensboro, NC 27401

James C. Lanik, Esq.
Roberson Hayworth Reese
P. O. Box 1550
High Point, NC 27261

Christine L. Myatt
Nexsen Pruet
701 Green Valley Rd. Suite 100
Greensboro, NC 27408

Wal-Mart
PO Box 530927
Atlanta, GA 30353-0927

Gary L. Beaver, Esq.
Nexsen Pruet, LLC
701 Green Valley Road, Suite 100
Greensboro, NC 27408

Vogt Equipment Service
P.O. Box 1153
Kernersville, NC 27284

David F. Meschan
125 South Elm St., Suite 500
P.O. Box 29248
Greensboro, NC 27429

Thomas W. Waldrep, Jr.
One West Fourth St.
Winston-Salem, NC  27101

Eddie Land
Nancy K. Land
4315 Hwy. 150 E.
Browns Summit, NC 27214

Eric M. Harvey, Esq.
Liao Harvey PC
2200 Silas Creek Pkwy, Suite 3A
Winston-Salem, NC 27103